UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BATES TAIT, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>    Defendants. | Case No. 16-cv-01270-JSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 8, 10, 12, 14 |

Thomas Tait, proceeding pro se, filed this action on behalf of himself and his minor son, Nicholas Tait, against the Internal Revenue Service ("IRS"), the Department of the Treasury, and Ursula S. Dean, an IRS employee (collectively "Defendants") seeking a declaration that they are exempt from federal taxes. Now pending before the Court is Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 8.) After carefully considering the record in this case, and having had the benefit of oral argument on July 7, 2016, the Court GRANTS Plaintiff's Motion to Dismiss without leave to amend.[1] Among other things, the Court lacks subject matter jurisdiction to hear this suit due to Plaintiff's failure to exhaust his administrative remedies pursuant to 28 U.S.C. § 1346, rendering any amendment to the pleadings futile.

## BACKGROUND

Plaintiff Thomas Tait alleges that nearly a year ago he sent the IRS a demand for an explanation of the legal authority that required him to pay income taxes. He did not demand the return of taxes paid; instead, he asked for a letter stating that he is exempt from paying federal taxes. (Dkt. No. 1 at ¶ 4, and at pp. 9-10.) In response, the IRS sent Plaintiff several letters indicating that it was researching the issue, but never substantively responded to Plaintiff's letter.

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 2 & 4.)

(*Id*. at ¶ 9 and at pp.11-12, 15-16.)

Mr. Tait, proceeding pro se, thereafter filed this civil action against the IRS, the Department of the Treasury, and Ursula S. Dean, naming himself and his minor son Nicholas Tait as Plaintiffs. (Dkt. No. 1.) The complaint alleges a single cause of action for "Trespass on the Case" and seeks a declaratory judgment that: (1) Defendants have no jurisdiction to tax Plaintiffs, (2) Plaintiffs are not required to file any income tax returns, (3) Plaintiffs are exempt from paying income taxes, past, present and future, (4) Plaintiffs have a right to a refund of all federal income taxes, past, present and future, (5) Plaintiffs' use of a Social Security Number does not have any bearing on tax liability, (6) Defendants are precluded from suing Plaintiffs regarding any tax issue, (7) Any accounts or trusts in Plaintiffs' names are exempt from income taxes, (8) Mr. Tait's corporation, Global Innovation Solutions, Inc., is exempt from taxes, (9) Plaintiffs are not required to have health insurance, (10) Defendants cannot audit Plaintiffs, and (11) Defendants or Plaintiffs may order that all records in this case may be sealed. (*Id*. at ¶¶ A-M.[2])

In response, Defendants filed the underlying motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. (Dkt. No. 8.) Mr. Tait filed an Opposition, wherein he agreed to dismiss Dean as a defendant, and argued that "this case involves matters of federal law, . . . which confers subject matter jurisdiction to the court," and that his injury is "clearly spelled out in the correspondence and, that, coupled with the characteristics of Superior courts, is also sufficient to establish jurisdiction." (Dkt. No. 10 at 2, 4.) Following submission of Defendants' reply, Plaintiffs filed a further response which reiterates the arguments he previously raised. (Dkt. No. 14.) At oral argument, Mr. Tait clarified that he does not seek a refund for taxes paid.

## DISCUSSION

Defendants move to dismiss for lack of subject matter jurisdiction on several grounds. First, on the grounds that suits against the United States, and its agents in their official capacity, are barred by sovereign immunity. Second, that the Declaratory Judgment Act bars claims for declaratory relief with respect to federal taxes and the anti-injunction act prohibits restraints on the government's ability to collect taxes. Finally, that Plaintiff has failed to exhaust his administrative

---

[2] Plaintiffs' prayer for relief uses lettered, rather than numbered paragraphs. These lettered paragraphs can be found at pages 4-6 of the Complaint.

remedies with respect to any claim for a tax refund.

## I. Mr. Tait Cannot Represent his Minor Son or Corporation

As a preliminary matter, the Court notes that the suit names both Thomas Tait and his minor son, Nicholas Tait, as plaintiffs but minors do not have the capacity to bring suit on their own behalf. *See* Fed. R. Civ. Pro. 17(c). Nor could Mr. Tait bring this suit on behalf of his minor son as his guardian; he cannot sue on behalf of his minor son without retaining an attorney. *See Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (holding that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (noting that a non-lawyer "has no authority to appear as an attorney for others than himself"). Further, it unclear why Nicolas Tait is named as a plaintiff since there is no allegation that he paid taxes and he is a minor. Likewise, to the extent that Plaintiff seeks a determination regarding the tax liability of his corporation Global Innovation Solutions, Inc., he cannot sue as an individual on behalf of his corporation. *See Sherman v. British Leyland Motors*, Ltd., 601 F.2d 429, 439 (9th Cir. 1979) (holding that shareholder lacked standing to bring suit on company's behalf in his individual capacity). Further, a corporation must be represented by an attorney. *In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972) (citations omitted). The Court thus construes this lawsuit as being brought by Mr. Tait regarding the federal taxes he himself had paid and will pay.

## II. Plaintiff has not Established Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction, that is the party that brought the case to federal court (here Plaintiff), bears the burden of establishing that the court has subject matter jurisdiction. *Id.* "Subject matter jurisdiction is fundamental" and cannot be waived. *Billingsley v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989). "The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (internal citations and quotation marks omitted).

### A. The Court does not Have Jurisdiction of the Declaratory or Injunctive Relief Claims

The Declaratory Judgment Act excludes claims for declaratory relief "with respect to

Federal taxes." 28 U.S.C. § 2201(a); *see also Bob Jones University v. Simon*, 416 U.S. 725, 742 n.7, n.15 (1974) (outlining the legislative history of the federal tax exception to the Declaratory Judgment Act). "[U]nder the specific terms of § 2201 the courts have no jurisdiction to enter declaratory judgments with respect to Federal taxes." *Mitchell v. Riddell*, 402 F.2d 842, 846 (9th Cir.1968). Plaintiff's request for a declaration that he is not liable for paying income taxes past, present and future falls squarely within this prohibition and thus the Court lacks subject matter jurisdiction. *See Hughes v. United States*, 953 F.2d 531, 537 (9th Cir. 1992) (holding that a district court lacks subject matter jurisdiction of a claim barred by section 2201(a)).

Plaintiff's request for an injunction against any future assessment of taxes is barred by the Anti-Injunction Act. 26 U.S.C. § 7421(a). "The object of [Section] 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 5 (1962). The Act states that, barring certain exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Plaintiff's allegations do not even remotely suggest that any of the exceptions apply. Therefore, the Court also lacks jurisdiction of Plaintiff's request for an injunction against the federal government collecting taxes from him. *See Jensen v. I.R.S.*, 835 F.2d 196, 198 (9th Cir. 1987) (holding that district court lacked subject matter jurisdiction of injunctive relief claim barred by section 7421(a)).

### B. Any Claim for Monetary Damages is Barred by Sovereign Immunity

Although at oral argument Plaintiff disavowed any intent to seek monetary damages, to the extent he does (as his complaint suggests, *see* Dkt. No. 1 at 4 ("Plaintiffs are exempt from withholding and have a right to a refund of all federal income taxes")), such claim is barred by sovereign immunity. Plaintiff's claims against the IRS, the Department of Treasury, and Ursula S. Dean[3] are considered claims against the United States. *See Krouse v. U.S. Gov't Treasury Dep't I.R.S.*, 380 F. Supp. 219, 221 (C.D. Cal. 1974) (citations omitted); *see also* 26 U.S.C. § 7422(f)(1). (A suit regarding the collection of federal income tax "may be maintained only against the United

---

[3] The IRS is bureau of Department of the Treasury pursuant to 26 U.S.C. § 7802 and not, as Plaintiff suggests, a foreign corporation (Dkt. No. 10 at 3.)

States and not against any officer or employee of the United States."); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (citations omitted) ("a suit against IRS employees in their official capacity is essentially a suit against the United States").

The United States is immune from suit absent a congressional waiver of sovereign immunity. *See Block v. North Dakota*, 461 U.S. 273, 287 (1983) ("The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."). Thus, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Any waiver of immunity cannot be implied and must be "unequivocally expressed." *United States v. Testan*, 424 U.S. 392, 399 (1976) (internal citation and quotation marks omitted). These unequivocally expressed waivers often take the form of statutory consent to a cause of action against the United States. *Id*. "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Plaintiff's suggestion that the Court has original jurisdiction over his claims under 28 U.S.C. § 1346 is unpersuasive. Section 1346(a)(1) confers original jurisdiction to district courts for:

> [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

While Plaintiff is correct that the government has waived sovereign immunity for claims under Section 1346, Plaintiff does not satisfy the jurisdictional prerequisites to suit under this section. *See Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982). In particular, "no suit or proceedings shall be maintained . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a). Absent an allegation that the taxpayer "has filed a claim for refund which the IRS has either rejected or not acted upon in six months," the Court lacks jurisdiction to hear a tax refund suit. *See Thomas v. United States*, 755 F.2d 728, 729 (9th Cir. 1985) (citing 26 U.S.C. §§ 7422(a) & 6532(a)); *see also Provenzano v. United States*, 123 F. Supp. 2d 554, 557 (S.D. Cal. 2000) (concluding that the court lacked subject matter

where the plaintiff failed to comply with the procedural requirements for filing a refund claim and instead submitted a letter to the IRS demanding a refund). Neither Plaintiff's complaint nor his opposition brief indicates that he filed any such refund request. Moreover, at oral argument, Mr. Tait insisted that he is not seeking a refund of taxes paid. Since Plaintiff has not exhausted his administrative remedies before filing suit, Section 1346 does not waive sovereign immunity and the Court therefore lacks subject matter jurisdiction over Plaintiff's claim.

Plaintiff's contention that the Court has federal question and diversity jurisdiction over this action is unavailing. Merely identifying that there may be diversity jurisdiction, more than $75,000 in dispute, or that the suit arises under federal law does not suffice to cure the lack of waiver of sovereign immunity. *Meyer*, 510 U.S. at 475.

\*\*\*

For the reasons explained above, the Court lacks subject matter jurisdiction over this action. The Court therefore GRANTS the motion to dismiss without leave to amend.

IT IS SO ORDERED.

Dated: July 12, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BATES TAIT, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>　　　　Defendants. | Case No.  16-cv-01270-JSC<br><br>**CERTIFICATE OF SERVICE** |

　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　That on July 12, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Thomas Bates Tait
Nicholas Thiele Tait
1283 Windermere Way
Concord, CA 94521-3342

Dated: July 12, 2016

　　　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　Ada Means, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　Honorable JACQUELINE SCOTT CORLEY