UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BATES TAIT, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>    Defendants. | Case No. 16-cv-01270-JSC<br><br>**ORDER DENYING POST-JUDGMENT MOTIONS**<br><br>Re: Dkt. Nos. 18 & 19 |

Plaintiff Thomas Bates brought this action against the Internal Revenue Service ("IRS") seeking a declaration that he is exempt from paying federal taxes. The Court dismissed the action for lack of subject matter jurisdiction; while the government has waived its sovereign immunity for tax refund claims under 28 U.S.C. § 1346, Plaintiff failed to satisfy the jurisdictional prerequisites to bring suit under that section. (Dkt. No. 16.) Following entry of judgment, Plaintiff filed two pleadings: (1) "Writ of Error Quae Coram Nobis Residant; Order to Correct; Order to Set a Different Time Re Responsive Pleading" and (2) "Writ of Error –Rescinding Order and Judgment; Order to Continue Case; Order to Magistrate" which the Court construes as motions for relief from judgment under Federal Rule of Civil Procedure 60(b). (Dkt. Nos. 18 & 19.) So construed, the motions are DENIED as set forth below.

**DISCUSSION**

Under Rule 60(b), a court may grant a motion for relief from judgment "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). The trial

1  court has wide latitude to grant or deny a Rule 60(b) motion to vacate. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985).

The gist of Plaintiff's motions appears to be an objection to the Court's jurisdiction over this matter as a magistrate judge; however, Plaintiff and Defendant consented to the jurisdiction of a magistrate judge. (Dkt. Nos. 2, 4 & 7.)  Indeed, the form Plaintiff completed stated that "[i]n accordance with the provisions of 28 U.S.C. § 636(c), I voluntarily **consent** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment.  I understand that appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit." (Dkt. No. 2 (emphasis in original).)  Under Section 636(c), "[u]pon the consent of the parties, a full-time United States magistrate judge...may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case."

That Plaintiff filed a form declining jurisdiction of a magistrate judge after twice consenting to the jurisdiction of a magistrate judge (*compare* dkt. no. 11 *with* dkt. nos. 2 & 7) is of no moment as "[o]nce a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn by the court only for good cause shown on its own motion, or under extraordinary circumstances shown by any party." *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (internal citation and quotation marks omitted); 28 U.S.C. § 636(c)(4).  Because "[t]here is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge" and Plaintiff has not shown good cause or presented evidence of extraordinary circumstances, but rather, a general disagreement with the Court's ruling regarding subject matter jurisdiction, the undersigned retained jurisdiction to adjudicate the motion to dismiss and enter judgment here. *Dixon*, 990 F.2d at 480; *see also Louvouezo v. City of Honolulu*, No. 15-CV-04265-DMR, 2015 WL 7351402, at *2 (N.D. Cal. Nov. 20, 2015).

Accordingly, to the extent that Plaintiff's motions can be construed as seeking relief from a "void judgment" pursuant to Rule 60(b)(4), the motions fail as the judgment was not void since it was entered pursuant to Section 636(c)(1) with the consent of the parties.  Nor do the motions establish "extraordinary circumstances" justifying relief under Rule 60(b)(6). *See United States v.*

*Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) ("Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice" and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."). Nor do Plaintiff's motions state a cognizable claim for relief under any other provision of Rule 60(b). According, Plaintiff's post-judgment motions are DENIED.

This Order disposes of Docket Nos. 18 & 19.

**IT IS SO ORDERED.**

Dated: July 26, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BATES TAIT, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>　　　　Defendants. | Case No.  16-cv-01270-JSC<br><br>**CERTIFICATE OF SERVICE** |

　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　That on July 26, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Thomas Bates Tait
Nicolas Tait
1283 Windermere Way
Concord, CA 94521-3342

Dated: July 26, 2016

　　　　　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　　　Ada Means, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　　　Honorable JACQUELINE SCOTT CORLEY

4